[934 NYS2d 211]

In the Matter of MITCHELL P. FERRARO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 29, 2011

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Mitchell P. Ferraro*, Patchogue, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The charges emanate from a common set of facts, as follows:

In or about June 2004, the respondent was retained to represent the estate of Montgomery Brinton Barret (hereinafter the estate) in the sale of real property located at 7 Fordham Drive in Smithtown (hereinafter the Fordham Drive property). Carol Mellor, the attorney for the estate, was presented with a buyer for the Fordham Drive property by a real estate broker, who recommended that the estate hire the respondent to represent it in connection with the sale. The respondent's representation of the estate in connection with the real property transaction was confirmed in a letter from Mellor to the respondent dated June 30, 2004. Unbeknownst to the executor of the estate, the buyer recommended by the broker was a corporation known as Columbia Fordham Equities (hereinafter CFE), of which the broker was a principal.

The respondent prepared a contract of sale (hereinafter the contract), which he sent to Mellor by facsimile dated July 1, 2004, advising that it was for her review "prior to . . . sending it to the purchaser's attorney." The contract was executed by the executor for the estate on or about August 28, 2004. Pursuant to the contract, the seller's attorney was required to hold the purchaser's down payment. The respondent thereafter held the down payment received from CFE, as purchaser, while failing to disclose to the estate that he was representing CFE in the transaction. The respondent also failed to disclose that the broker was a principal of CFE.

In or about August 2004, prior to the closing on the contract between the estate and CFE, the respondent undertook representation of CFE in connection with the purchase of property contiguous to the Fordham Drive property, on Columbia Court (hereinafter the Columbia Court property), from Bruce Sanford and Vera Sanford. The respondent failed to disclose to the estate

that he was representing CFE in the purchase of the Columbia Court property, prior to the closing on the estate property at 7 Fordham Drive.

In or about April 2005, during the period of time that the respondent was representing the estate in the sale of 7 Fordham Drive to CFE, the respondent also undertook representation of CFE in connection with the planned resale of 7 Fordham Drive to BEK Development Corp. (hereinafter BEK) for more money than the estate would be receiving for the property. The respondent failed to disclose to the estate his representation of CFE in the planned resale of 7 Fordham Drive, prior to the closing on the sale of the property by the estate.

At or about that time, the respondent also undertook representation of CFE in the planned resale of the Columbia Court property to BEK. That sale was made contingent upon CFE's purchase of the estate's property at 7 Fordham Drive. The respondent failed to disclose to the estate his representation of CFE in the planned resale of the Columbia Court property, prior to the closing on the estate's property at 7 Fordham Drive upon which the Columbia Court resale was conditioned.

By letter dated July 14, 2005, sent directly to the executor of the estate, the respondent enclosed a deed and other closing documents, which he prepared in connection with the sale of 7 Fordham Drive. Thereafter, on July 22, 2005, the respondent represented the estate, as seller, at the closing on the property at 7 Fordham Drive. On July 22, 2005, the respondent also represented CFE, as purchaser, at the closing on the property at 7 Fordham Drive. In addition, on July 22, 2005, the respondent represented CFE, as purchaser, at the closing on the contiguous Columbia Court property, as seller in the resale of 7 Fordham Drive to BEK, and as seller in the resale of the Columbia Court property to BEK.

The respondent was served with a petition setting forth three charges of professional misconduct. The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) now moves to confirm the report of the Special Referee, which sustained all three charges.

Charge one alleges that the respondent is guilty of engaging in conduct that involved a conflict of interest by simultaneously representing parties who had differing interests in real estate transactions, in violation of Code of Professional Responsibility DR 5-105 (b) (22 NYCRR 1200.24 [b]).

Charge two alleges that the respondent is guilty of conduct that involves dishonesty, fraud, deceit, or misrepresentation by permitting his client, the seller, to believe that the purchaser of the property had independent counsel when, in fact, the respondent was representing the purchaser, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charge three alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by reason of the conduct set forth in charges one and two, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In view of the evidence adduced, the Special Referee properly sustained charges one through three. Accordingly, the motion of the Grievance Committee to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we note the respondent's proffered mitigation, to wit, that a lack of attentiveness to his work, and contradictions in the paperwork that he generated, resulted from family pressures. However, as noted by the Special Referee, the respondent expressed no remorse, offered no character testimony, and was "completely oblivious." The Grievance Committee contends that, as an attorney, the respondent failed to live up to the duty he owed to the parties.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Mitchell P. Ferraro, is suspended from the practice of law for a period of two years, commencing December 29, 2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 1, 2013. In such application, the respondent shall furnish satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Mitchell P. Ferraro, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Mitchell P. Ferraro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).